## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| DARRIN DICKERSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ZAYO GROUP, LLC<br><br>    Defendant. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

## PRELIMINARY STATEMENT

1. This is a collective action brought by individual and representative Plaintiff Darrin Dickerson ("Plaintiff"), on behalf of himself and all others similarly situated (the "putative FLSA Collective"), to recover overtime pay from his employer, Zayo Group, LLC ("Defendant").

2. Plaintiff brings this action on behalf of himself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Plaintiff's claims are asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

4. The putative "FLSA Collective" is made up of all persons who are or have been employed by Defendant as Service Delivery Coordinators, or other similar positions, during the applicable statutory period.

5. Plaintiff and those similarly situated routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for their overtime hours.

1

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

7. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because Defendant has its corporate office in Boulder, Colorado and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8. Defendant Zayo Group, LLC ("Defendant") is a domestic limited liability company with its principal place of business located at 1805 29th Street, Suite 2050, Boulder, Colorado, 80301, United States.

9. Defendant operates office locations in multiple states around the country, including an office located in Denver, Colorado.

10. Defendant provides communications infrastructure solutions, including fiber and bandwidth connectivity, colocation, and cloud infrastructure to businesses across the United States. Defendant's customers include wireless and wireline carriers, media and content companies, cloud providers, finance and professional services, and other large enterprises.

11. Defendant operates in interstate commerce by, among other things, offering and selling a wide array of services to customers in multiple states across the country, including Colorado.

12. Upon information and belief, Defendant's gross annual sales made, or business done has been in excess of $500,000.00 at all relevant times.

13. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Plaintiff Darrin Dickerson ("Plaintiff Dickerson") is an adult resident of Douglas County, Colorado.

15. Defendant employed Plaintiff Dickerson as a Service Delivery Coordinator from approximately July 2018 to November 2019 in its office in Denver, Colorado. Plaintiff began working for Defendant again in approximately July 2020.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

16. At all times relevant herein, Defendant operated a willful scheme to deprive Plaintiff and others similarly situated of overtime compensation.

17. Plaintiff and the similarly situated individuals work or worked as Service Delivery Coordinators (SDCs) or other similar positions.

18. As SDCs, Plaintiff and the putative FLSA Collectives' primary job duty was non-exempt work. An SDC's job is to act as the primary liaison between Defendant's teams (including sales, internal field, engineering, construction, and installation) and Defendant's customers for a service installation and/or an implementation.

19. Plaintiff and the putative FLSA Collective spent their workday communicating with other team members regarding the status of assigned projects. Plaintiff and the putative FLSA Collective also communicated with Defendant's customers regarding scheduling, timelines, project status, answering questions (escalating customer concerns to management when necessary), and providing general customer service.

20. Plaintiff and the putative FLSA Collective's duties also consists of updating Defendant's software systems, completing and processing paperwork, and performing other clerical work, including producing reports, such as "completion packages."

21. Plaintiff and the similarly situated individuals are or were paid a salary with no additional overtime pay for the overtime hours they worked.

22. Plaintiff and the other similarly situated individuals are or were treated as exempt from overtime laws, including the FLSA.

23. Defendant suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

24. For example, during the workweek beginning January 28, 2019, Plaintiff estimates that he worked approximately forty-eight (48) hours and did not receive overtime pay for his overtime hours.

25. Defendant has been aware, or should have been aware, that Plaintiff and the other similarly situated individuals performed non-exempt work that required payment of overtime compensation.  Defendant assigned Plaintiff a heavy workload and required him and the similarly situated individuals to work long hours, including overtime hours, to ensure on-time delivery of projects to its customers, and to complete all of their job responsibilities.

26. Defendant knew that Plaintiff and the other similarly situated individuals worked unpaid overtime hours because Plaintiff complained about his long hours and the workload Defendant assigned to him.  Specifically, when Plaintiff raised his concerns and questioned his supervisor about whether Defendant would make changes to reduce his workload, Plaintiff's supervisor informed him that he would look into hiring another SDC to help reduce some of

Plaintiff's workload. However, this did not happen, and Plaintiff's complaints were generally dismissed.

27. Although Defendant had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the other similarly situated individuals.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

29. Plaintiff files this action on behalf of himself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked as Service Delivery Coordinators, or in other similar positions, for Defendant anywhere in the United States at any time since three years prior to the filing of this Complaint to the present.

30. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached hereto as Exhibit A. Two additional SDCs have also signed consent forms to opt-in to this action, which are attached as Exhibit B. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

31. During the applicable statutory period, Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

32. Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

33. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the entire putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant and are readily identifiable through its records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On Behalf of Plaintiff and the Putative FLSA Collective)**

34. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

35. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

36. Defendant suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

37. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

38. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the others similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

39. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the other similarly situated individuals, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf himself and the putative FLSA Collective, pray for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff's and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendant violated the overtime provisions of the FLSA;

D. Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F.      An award of attorneys' fees and costs incurred in prosecuting this action;

G.      Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H.      For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

DATED: August 19, 2020            **NICHOLS KASTER, PLLP**

/s/ Rachhana T. Srey
Rachhana T. Srey, MN Bar 340133
Reena I. Desai, MN Bar 0388311*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
rdesai@nka.com

Daniel S. Brome, CA Bar 278915*
Nichols Kaster, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238
dbrome@nka.com

Benjamin L. Davis, III, MD Bar No. 29774*
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Phone: (410) 244-7005
bdavis@nicholllaw.com

*Application for admission forthcoming*

**Attorneys for Plaintiff and the Putative FLSA Collective**