# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

1.    This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff Darrin Dickerson ("Dickerson"), Ryan Myers ("Myers") and Zayo Group, LLC ("Zayo"), subject to the approval of the Court.

## RECITALS

2.    On August 19, 2020, Dickerson commenced an action by filing a Collective Action Complaint (the "Complaint") in the United States District Court for the District of Colorado captioned *Darrin Dickerson v. Zayo Group, LLC,* Civil Action No. 1:20-cv-02490-DDD-NRN (the "FLSA Action") asserting a single claim of violation of the Fair Labor Standards Act ("FLSA") for Zayo's alleged failure to pay overtime pay to Service Delivery Coordinators or other similar positions ("SDCs").    Dickerson asserts the FLSA claim individually and as a collective action under the FLSA.

3.    Mark Riedo, Cynthia Shutt, Jason Gryvalsky, and Brenda Miller (collectively, the "Initial Opt-in Plaintiffs") and former Opt-in Plaintiff Christina Mendez ("Mendez") filed consents to join the FLSA Action at or near the time of the filing of the Complaint.

4.    Mendez withdrew her consent on February 12, 2021 and is not a party to this case nor a party to this Agreement.

5.    Zayo filed an Answer in the FLSA Action in which it denies liability and asserts affirmative defenses.

6.    Zayo and Dickerson engaged in written discovery.    Zayo took Dickerson's deposition and Dickerson took depositions of two Zayo representatives, including a deposition pursuant to Fed. R. Civ. P. 30(b)(6).

7.    Upon the stipulation of Dickerson and Zayo, the Court conditionally certified a FLSA collective on February 26, 2021 for the purpose of issuing notice of and an opportunity to join the case.  The conditionally certified collective ("Conditional FLSA Collective") consists of the following individuals:

> All current and former employees of Zayo Group, LLC who worked as Service Delivery Coordinators in the United States between March 26, 2018 to March 26, 2021.

8.    Pursuant to the Court's order, an administrator sent Court-approved notices to the members of the Conditional FLSA Collective.  In response, Bradley Vetrone, Ernesto Padilla, Terrance Hall, Julie Umbarger, Steve Ogburn, Jonathan Amacker, Nathan Janish, Scott Mahon, Angela Reese, Jennifer Bailey, Joy Levitsky, Sheri Harrington, Tyler Sutherland, and Myers (with the Initial Opt-In Plaintiffs collectively the "Opt-In Plaintiffs") filed consents to join the FLSA Action.  All of the Opt-in Plaintiffs are represented by Plaintiffs' Counsel (defined below).

9.    Dickerson thereafter filed a Motion and Memorandum of Law in Support of Opposed Motion for Leave to Amend the Complaint to Add Claims (the "Motion to Amend") to

add an individual and class action claim pursuant to Fed. R. Civ. P. 23 for violation of the Colorado Wage Claim Act and Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") #38, 7 CCR 1103-1. Zayo opposed the Motion to Amend insofar as it sought to add a claim on behalf of a putative class, but not as to Dickerson individually. Magistrate Judge N. Reid Neureiter recommended that the Motion to Amend be denied except as to Dickerson's individual claim. Dickerson objected to the recommendation, which objection remains pending and unresolved.

10.    On February 8, 2022 and March 4, 4022, the Parties (as defined below) participated in mediation before an experienced mediator, Katy Miller. Pursuant to the mediation, Zayo compiled and provided Plaintiffs' Counsel with extensive wage data, which Plaintiffs' Counsel reviewed and analyzed prior to the mediation.

11.    On March 15, 2022, Myers filed a Class Action Complaint in the District Court for Boulder County, Colorado, designated *Ryan Myers v. Zayo Group, LLC*, Case No. 22CV30164 (the "Myers Action"). In the Class Action Complaint, Myers asserts claims individually and on behalf of a putative C.R.C.P. 23 class against Zayo for alleged violations of the COMPS Order, the Colorado Minimum Wage Act, and the Colorado Wage Claim Act (collectively, the "Colorado Claims") based on Zayo's alleged failure to pay overtime to SDCs. As of the date that Dickerson and Myers sign this Agreement, Myers has not effected service of the Class Action Complaint on Zayo and no class has been conditionally certified. Zayo has agreed to waive service and Myers has agreed to extend the deadline for Zayo to respond to the Class Action Complaint.

12.    As a result of the mediation and subsequent arms-length negotiations, the Parties have agreed to settle the FLSA Action and the Myers Action according to the terms of this Settlement Agreement.

13.    Plaintiffs' Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the FLSA Action and the Myers Action. In agreeing to this Settlement Agreement, Plaintiffs' Counsel has considered: (a) the facts developed during nearly two years of litigation, the alternative dispute resolution process, including the mediation, and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Zayo; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Dickerson, Myers, and the other Opt-in Plaintiffs have concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Dickerson, Myers, and the other Opt-in Plaintiffs to settle their claims against Zayo pursuant to the terms set forth herein. Plaintiffs' Counsel represents that all of the Settlement Participants have agreed to this Settlement.

14.    Zayo denies the allegations in the FLSA Action and the Myers Action and denies that it engaged in any wrongdoing or violation of law. Zayo is entering into this Agreement because it will eliminate the burden, risk and expense of further litigation. Except for purposes of this Settlement, neither this Agreement nor any document referred to herein, nor any action taken to carry out this Agreement, may be used in any way as an admission, concession or indication by Zayo of any fault, wrongdoing or liability whatsoever.

DocuSign Envelope ID: 11132FD0-2DF7-4EDD-A6D1-E6B798046480

15.     This Settlement represents a compromise and settlement of disputed claims, including but not limited to *bona fide* disputes related to FLSA and state law claims pleaded in the FLSA Action and the Myers Action.  Nothing in this Settlement is intended to be construed or will be construed as an admission by Zayo that the claims in the FLSA Action or the Myers Action have merit or that Zayo has any liability to Dickerson, the Opt-in Plaintiffs, or the putative class identified in the Myers Action, or an admission by Dickerson, Myers, or the other Opt-in Plaintiffs that Zayo's defenses in the FLSA Action and Myers Action have merit.  By entering into this Agreement, none of the Parties admits the allegations or contentions of any other party, and each party is entering into this Agreement for the sole purpose of resolving this matter and avoiding the time and expense incident to protracted litigation.  Zayo specifically denies all of Dickerson's and Myers' claims as to liability and remedies, as well as Dickerson's and Myers' class and representative allegations, and expressly reserves all rights to challenge all such claims and allegations upon all procedural and substantive grounds, including the assertion of any and all defenses, if the Court does not approve this Agreement.

16.     The Parties recognize that Court approval of this Settlement is required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants approval of it and the Settlement becomes effective.

17.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that Dickerson's, Myers' and the other Opt-in Plaintiffs' claims against Zayo shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.  The Parties agree that they are not settling or releasing claims for members of any putative class members who are not Settlement Participants under this Agreement for the Colorado Claims that Myers has alleged in the Myers Action, except to the extent of Myers' personal (non-class) release of claims.

## DEFINITIONS

18.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.      "Actions" means the FLSA Action and the Myers Action.

b.      "Approval Order" means the Court's order approving the terms and conditions of this Agreement.

c.      "Release Form" means the applicable Settlement Release Form attached hereto as Exhibit A; one version of the Release Form applies to the Named Plaintiffs and the other version applies to all other Settlement Participants.

d.      "Court" means the United States District Court for the District of Colorado.

    e.    "Effective Date" means the first business day after the date this Agreement becomes effective. This Agreement will become effective when all of the following events have occurred:

        i.    The Agreement has been executed by Dickerson, Myers, Plaintiffs' Counsel, Zayo, and Zayo's Counsel;

        ii.    All other Opt-in Plaintiffs have executed Release Forms; and

        iii.    The Court has issued an Approval Order.

    f.    "FLSA Action" means the case captioned *Darrin Dickerson v. Zayo Group, LLC,* Civil Action No. 1:20-cv-02490-DDD-NRN, pending in the United States District Court for the District of Colorado.

    g.    "Fee Award" means the award of attorneys' fees to be paid to Plaintiffs' Counsel for the services rendered to Dickerson, Myers and the other Opt-in Plaintiffs in the Actions.

    h.    "Gross Settlement Amount" means the maximum amount that Zayo shall pay in exchange for the release of all Released Claims (as defined below) by Dickerson, Myers, and the other Opt-in Plaintiffs, which is the sum of three hundred sixty-five thousand dollars ($365,000). Apart from any employer-side taxes, the Gross Settlement Amount shall be the sole financial obligation of Zayo under this Agreement. The Gross Settlement Amount is inclusive of (1) payments to the Settlement Participants; (2) Plaintiffs' Counsel's attorney fees; (3) all costs and expenses related to the Actions; (4) the Additional Myers Allocation; (5) the Named Plaintiff Service Payment to Dickerson, and (6) any taxes relating to (1) – (5), except for the employer's side of payroll taxes or any other taxes that are legally the responsibility of Zayo.

    i.    "Additional Myers Allocation" means the amount to be paid for Myers to release his claims against Zayo that he has pleaded in the Myers Action on an individual basis. The Parties allocate $15,000 for the Additional Myers Allocation, from which costs of the Myers Action shall be deducted.

    j.    "Myers Action" means the case captioned *Ryan Myers v. Zayo Group, LLC*, Case No. 22CV30164 (the "Myers Action"), pending in the District Court for Boulder County, Colorado.

    k.    "Myers' Co-Counsel" means Lowrey Parady Lebsack, LLC.

    l.    "Named Plaintiffs" means Darrin Dickerson and Ryan Myers.

    m.    "Named Plaintiff Service Payment" is an additional payment of $7,500.00 from the Gross Settlement Amount to Dickerson in recognition of his contributions to the FLSA Action.

    n.    "Net Settlement Amount" means the portion of the Gross Settlement Amount remaining after deduction of the Additional Myers Allocation, Named Plaintiff Service

Payment to Dickerson, Attorneys' Fees and Costs to Plaintiffs' Counsel, as approved by the Court. To the extent the Court approves and awards an award to Plaintiffs' Counsel for attorneys' fees and costs, or for the Named Plaintiff Service Payment, that is less than the amount(s) requested by Dickerson, the difference shall be included in the Net Settlement Amount and distributed to the Opt-In Plaintiffs. The Net Settlement Amount is currently estimated to be $209,220.41. The Net Settlement Amount shall be allocated to the settlement of Released Claims, as set forth herein.

        o.     "Opt-in Plaintiff" means any current or former Zayo employee who filed (and did not withdraw) a consent to join the FLSA Action.

        p.     "Parties" means the Named Plaintiffs, the other Opt-In Plaintiffs, and Zayo Group, LLC.

        q.     "Plaintiffs' Counsel" means Nichols Kaster, LLP and The Law Offices of Peter T. Nicholl.

        r.     "Released Claims" means any and all federal, state and local claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees as specifically set forth in the Settlement Participant's Release Form.

        s.     "Releasees" means Zayo and its past, present and future parent companies, subsidiaries, predecessors, affiliates, divisions, and successors and each of their respective agents, employees, owners, members, officers, directors, principals, board members, employees, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, transferees, assigns, and insurers.

        t.     "Settlement Award" means the payment that each Settlement Participant shall be entitled to receive pursuant to the terms of this Agreement.

        u.     "Settlement Participants" means Dickerson, Myers, and the other Opt-In Plaintiffs.

        v.     "Zayo's Counsel" means Davis Graham & Stubbs LLP.

## COLLECTIVE ACTION CERTIFICATION

19. The Parties stipulate and agree that the Conditional FLSA Collective should be finally certified as a collective action class in the FLSA for the purposes of this Settlement only.

20. This Settlement is contingent upon approval by the Court. If the Court does not approve this Settlement, the fact that the Parties were willing to stipulate to final collective action certification for the purposes of this Settlement shall have no bearing on, or be admissible in connection with the FLSA Action, including but not limited to the issue of whether any class should be certified or finally certified in a non-settlement context. If the Court does not approve this Settlement, or the Approval Order is reversed, set aside, or declared or rendered void, this Agreement shall be deemed null and void and shall be of no force or effect whatsoever. Zayo

express reserves its rights to challenge the propriety of collective or class certification for any purpose, if the Court does not approve this Settlement.

## RELEASES

21.    In consideration of the benefits and consideration to be received by the other Settlement Participants, upon the Effective Date:

a.    The Settlement Participants on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have released and forever discharged Releasees from any and all Released Claims.

b.    The Settlement Participants may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims.    However, upon the Effective Date, the Settlement Participants shall be deemed to have, and by operation of the final judgment in the Actions, fully, finally, and forever settled and released any and all of the Released Claims, notwithstanding such different or additional facts or the discovery thereof.

## SETTLEMENT IMPLEMENTATION

22.    **Request for Collective Certification and Approval Order**.    Dickerson and Zayo shall file a Joint Motion for Approval of Settlement Agreement requesting that the Court finally certify the Conditional FLSA Collective as a collective action class for the purposes of the settlement only.    Plaintiffs' Counsel will draft the motion and provide Zayo's Counsel with ample time to review the Joint Motion.

23.    **Release Forms.**    Within seven (7) calendar days after the date of the Approval Order, each Settlement Participant shall execute a Release Form, copies of which shall be provided to Zayo.    It is a material condition of the Settlement that each Settlement Participant execute a Release Form.    Plaintiffs' Counsel represents that all of the Settlement Participants have agreed to the monetary terms of Settlement.

24.    **Settlement Administration**.    Plaintiffs' Counsel, at Plaintiffs' Counsel and the Settlement Participants' own cost, shall distribute the settlement payments.

25.    **Gross Settlement Amount**.    After the Effective Date, Zayo will pay the Gross Settlement Amount as follows: Zayo will pay any approved attorneys' fees and costs in a single check made payable to "Nichols Kaster," and delivered to the attention of Daniel S. Brome, Nichols Kaster, PLLP, 4700 IDS Center, 80 South 8th St., Minneapolis, MN 55402.    Checks for the Settlement Awards to the Settlement Participants shall be as described in Paragraph 28, below.    Zayo will deliver the checks within twenty-one (21) days of the Effective Date. Plaintiffs' Counsel shall be solely responsible for allocating the Gross Settlement Amount to each Settlement Participant, Plaintiffs' Counsel, and Myers' Co-Counsel as discussed below. The Settlement Participants, Plaintiffs' Counsel, and Myers' Co-Counsel shall be solely responsible for their share of taxes, deductions, or withholdings that may be associated with any payment under this Agreement.

- 6 -

26.    **Attorneys' Fees and Costs**.  Plaintiffs' Counsel will request one third, or $121,666.67, of the Gross Settlement Amount as attorneys' fees, and $11,612.92 as costs ("Attorneys' Fees and Costs"). Plaintiffs' Counsel agree not to seek from Zayo any additional attorneys' fees, costs and expenses stemming from their involvement in the Actions.  Plaintiffs' Counsel will apply to the Court for, and Zayo will not oppose, payment of Plaintiffs' Attorneys' Fees and Costs.  To the extent the Court does not approve payment of Attorneys' Fees and Costs in the amount set forth herein, the amount that is not awarded to Plaintiffs' Counsel shall remain a part of the Net Settlement Amount.  The outcome of the Court's ruling on the application for Attorneys' Fees and Costs shall not terminate this Settlement Agreement or otherwise affect the Court's ruling on the Approval Order.    Attorneys' Fees and Costs shall be paid without withholding and an IRS Form 1099 shall be provided to Plaintiffs' Counsel in connection with such payments.  Plaintiffs' Counsel shall provide a Form W-9 to Zayo.  Plaintiffs' Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to it. Plaintiffs' Counsel shall be solely responsible for allocating any amounts of the Attorneys' Fees and Costs to Myers' Co-Counsel and Zayo shall have no liability to Myers' Co-Counsel whatsoever.

27.    **Taxes and Withholdings**.  Fifty percent (50%) of each Settlement Award to Settlement Participants shall be treated as back wages, and accordingly, on each Settlement Award, Zayo shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed, and Zayo shall be responsible for the employer's share of all required FICA and FUTA taxes on such amounts.    Amounts withheld will be remitted by Zayo to the appropriate governmental authorities and reported on an IRS Form W-2.  The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099 by Zayo, and shall not be subject to FICA and FUTA withholding taxes.  Each Settlement Participant shall provide Zayo with a Form W-9 for such payments.  Each Settlement Participant shall be solely and legally responsible to pay their own tax liability on the non-wage penalties and liquidated damages portion of the Settlement Award.  In the event that any taxing body determines that different amounts should have been withheld from the payments (or any portion thereof) provided for in this paragraph, the Settlement Participants shall be liable for the payment of any such employee's share of taxes.  The Named Plaintiff Service Award shall be reported on an IRS Form W-2 by Zayo and subject to withholdings and deductions.

28.    **Settlement Awards to Settlement Participants.**    Plaintiffs' Counsel shall provide a reasonable allocation of the Net Settlement Amount as Settlement Awards to the Settlement Participants. Settlement Awards have been calculated by Plaintiffs' Counsel based on individual compensation history and job history, as reflected in Zayo's records, and individual hours estimates based on Plaintiffs' discovery responses. Using this data, Plaintiffs' Counsel calculated individual damages amounts, assuming half-time overtime rate for claims under federal law, and a time and a half overtime rate for claims under Colorado law, and liquidated damages under federal law. The calculations applied a discount for federal claims in the third year of the statute of limitations, as well as for time periods when Plaintiffs were working under other position titles. The individual allocations were determined by allocating the Net Settlement Amount pro rata based on each individual's damage amount. Individual allocations shall be set

forth in each Settlement Participant's Release Form. Within 21 calendar days of the Effective Date, Zayo shall send by Federal Express to Plaintiffs' Counsel two checks payable to each Settlement Participant, one in the amount of each Settlement Participant's respective 1099 payment and the other in the amount of each Plaintiff's W-2 Payment consistent with Paragraph 27. Zayo shall be cooperative in reissuing lost or damaged checks.

29.     **Benefits.** None of the payments provided under the Settlement shall be taken into account for purposes of determining benefits under any qualified or non-qualified plans of Zayo or its parent, subsidiaries, or affiliates.

30.     **No Claim Based Upon Distributions in Accordance with this Settlement Agreement**. The Settlement Participants shall have no claim against Zayo or the Releasees based on distributions made by Plaintiffs' Counsel.

31.     **Entry of Judgment, Dismissal with Prejudice**. In connection with the Joint Motion for Approval of Settlement Agreement, Dickerson and Zayo shall request that the Court enter final judgment and dismiss with prejudice the released claims of the Settlement Participants in the FLSA action. Within seven (7) calendar days of the Effective Date, Myers shall file a notice of dismissal with prejudice in the Myers Action.

32.     **Confidentiality.** Prior to filing of the Joint Motion for Approval, Plaintiffs' Counsel and Myers' Co-Counsel shall not discuss the terms of the Settlement or the negotiations leading to settlement with any person other than the Named Plaintiffs and the other Opt-In Plaintiffs. Additionally, the Parties agree that prior to the filing of a Joint Motion for Approval of this Settlement, the only permitted disclosures of this Settlement Agreement are those mutually agreed to by the Parties and as requested by the Court. This provision shall not preclude Zayo from making any necessary corporate disclosures. Such Joint Motion for Approval shall be provisionally filed under a Level 1 restriction (access limited to case participants and the Court) in the Court's CM/ECF system. Filed contemporaneously with such Joint Motion for Approval shall be a motion to seal or restrict access, drafted by Zayo's Counsel and provided to Plaintiffs' Counsel before filing for an opportunity to review and edit. Such motion will request that this Agreement be kept under filing restrictions pursuant to the local rules of the court, provided that if such request is denied, this Agreement shall remain in force and the Settlement shall not be affected thereby.

## MISCELLANEOUS

33.     **Zayo's Legal Fees.** Zayo's legal fees and expenses in the Actions shall be borne by Zayo.

34.     **Nullification of the Settlement Agreement.** In the event: (a) the Court does not approve the Settlement as provided herein; (b) any Settlement Participant fails to sign and return a Release Form; or (c) the Settlement does not become final for any other reason, this Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement.

35.  **Inadmissibility of Settlement Agreement.**  Except for purposes of settling the Actions or enforcing this Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

36.  **Media and Confidentiality Obligations.**  Settlement Participants, Plaintiffs' Counsel, and Myers' Co-Counsel agree neither they nor anyone acting on their behalf will make public comment, communications to media, or any form of advertising or public announcement (including social media) regarding the settlement of the Actions or this Agreement. Further, Settlement Participants, Plaintiffs' Counsel, and Myers' Co-Counsel shall not, directly or indirectly, at any time, (a) issue a press or media release or otherwise notify the media about the Settlement, (b) initiate any contact with the press, other media (including social media), or any third party about the Settlement, (c) advertise or make any public statements regarding the terms of the Settlement through written, recorded or electronic communications, (d) respond to any inquiry from the press, or media regarding the Settlement, or (e) have any communication with the press or other media about the Actions, including, but not limited to the fact, amount and/or the terms of the Settlement, either before or after the Court approves this Agreement.  Plaintiffs' Counsel and Myers' Co-Counsel will not identify Zayo in any information about the settlement posted on their website(s). To the extent limited public disclosures are required to effectuate the Agreement, or to notify the courts or parties in any pending, related proceeding, such limited and necessary details may be revealed with the consent of all Parties. However, any such disclosures shall not constitute a waiver of confidentiality with respect to any information not publicly disclosed.  Nothing herein restricts Settlement Participants from disclosing the Agreement to their immediate family members or legal or financial advisors.  Nothing in this paragraph will prevent Settlement Participants, Plaintiffs' Counsel and Myers' Co-Counsel from stating that the matter has resolved or settled.

37.  **Representation and Warranties.**  Plaintiffs' Counsel and Named Plaintiffs jointly and severally represent and warrant to Zayo that there are no attorneys beyond those named as Plaintiffs' Counsel and Myers' Co-Counsel who have claims for fees arising out of the Actions or the Settlement contemplated hereby.

38.  **Computation of Time.**  For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by Fed. R. Civ. P. 6(a)(6)), such time period shall be continued to the following business day.

39.  **Interim Stay of Proceedings.**  The Parties agree to hold in abeyance all proceedings in the Actions, except such proceedings necessary to implement and complete the Settlement.

40.  **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

41.     **Entire Settlement Agreement.**  This Agreement constitutes the entire agreement among the Parties relating to the subject matter contained herein, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.    All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, relating to such matters are expressly superseded hereby and are of no further force and effect.    Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.  Nothing in this Agreement is deemed to terminate, supersede or modify any releases or obligations of any Settlement Participant contained in a severance agreement or similar agreement between the Settlement Participant and Zayo.

42.     **Authorization to Enter Into Settlement Agreement.**  Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.  In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Katy Miller first, or if she cannot resolve the matter, the Court to resolve such disagreement.

43.     **Construction**. The Parties have cooperated in the negotiation and preparation of this Agreement. This Agreement will not be construed against any Party on the basis that the Party, or the Party's counsel, was the drafter or participated in the drafting of this Agreement.

44.     **No Prior Assignments**.  The Parties and their counsel represent and warrant that they have not directly or knowingly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

45.     **Binding on Successors and Assigns.**  This Agreement shall be binding upon, and inure to the benefit of Zayo and the Settlement Participants and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

46.     **Counterparts.**  This Agreement may be executed in one or more counterparts, including by facsimile or email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

47.     **Cooperation and Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties.  The Parties agree that the terms and conditions of this Agreement were negotiated at arms' length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

DocuSign Envelope ID: 11132FD0-2DF7-4EDD-A6D1-E6B798046480

48.    **Jurisdiction of the Court.**    The Parties agree that, to the extent the Court consents, the Court should retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

49.    **Binding On Opt-In Plaintiffs**.    It is not practical to have each Opt-In Plaintiff execute this Agreement. The Release Form advises all non-signatory Opt-In Plaintiffs of the binding nature of the release as to the Opt-in Plaintiffs and such shall have the same force and effect as if this Settlement Agreement were executed by each Opt-In Plaintiff.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the signatories to this Settlement Agreement have executed this Settlement Agreement as follows:

**NAMED PLAINTIFFS:**

_____     Date: July 6 _____, 2022
Darrin Dickerson

_____     Date: _____, 2022
Ryan Myers

**PLAINTIFFS' COUNSEL:**

_____     Date: _____, 2022
Daniel S. Brome
Rachhana T. Srey
Reena I. Desai
NICHOLS KASTER, LLP

_____     Date: _____, 2022
Benjamin L. Davis, III
THE LAW OFFICES OF PETER T. NICHOLL

**MYERS' CO-COUNSEL:**

_____     Date: _____, 2022
Mary Jo Lowrey
LOWREY PARADY LEBSACK, LLC

**DEFENDANT:**

_____     Date: 7/8/2022 _____, 2022
Zayo Group, LLC

By: Mike Mooney
_____

Title: Chief Legal Officer
_____

**ZAYO'S COUNSEL:**

_____     Date: 7/8/2022 _____, 2022
Sterling LeBoeuf
Nathalie A. Bleuze
DAVIS GRAHAM & STUBBS LLP

IN WITNESS WHEREOF, the signatories to this Settlement Agreement have executed this Settlement Agreement as follows:

**NAMED PLAINTIFFS:**

_____     Date: _____, 2022
Darrin Dickerson

_____     Date: 07-06-_____, 2022
Ryan Myers

**PLAINTIFFS' COUNSEL:**

_____     Date: _____, 2022
Daniel S. Brome
Rachhana T. Srey
Reena I. Desai
NICHOLS KASTER, LLP

_____     Date: _____, 2022
Benjamin L. Davis, III
THE LAW OFFICES OF PETER T. NICHOLL

**MYERS' CO-COUNSEL:**

_____     Date: _____, 2022
Mary Jo Lowrey
LOWREY PARADY LEBSACK, LLC

**DEFENDANT:**

_____     Date: 7/8/2022_____, 2022
Zayo Group, LLC

By: ___Mike Mooney_____

Title: ___Chief Legal Officer_____

**ZAYO'S COUNSEL:**

_____     Date: _____, 2022
Sterling LeBoeuf
Nathalie A. Bleuze
DAVIS GRAHAM & STUBBS LLP

IN WITNESS WHEREOF, the signatories to this Settlement Agreement have executed this Settlement Agreement as follows:

**NAMED PLAINTIFFS:**

_____    Date: _____, 2022
Darrin Dickerson

_____    Date: _____, 2022
Ryan Myers

**PLAINTIFFS' COUNSEL:**

_____    Date: July 6, 2022
Daniel S. Brome
Rachhana T. Srey
Reena I. Desai
NICHOLS KASTER, LLP

_____    Date: _____, 2022
Benjamin L. Davis, III
THE LAW OFFICES OF PETER T. NICHOLL

**MYERS' CO-COUNSEL:**

_____    Date: _____, 2022
Mary Jo Lowrey
LOWREY PARADY LEBSACK, LLC

**DEFENDANT:**

_____    Date: 7/8/2022, 2022
Zayo Group, LLC

By: Mike Mooney
_____

Title: Chief Legal Officer
_____

**ZAYO'S COUNSEL:**

_____    Date: _____, 2022
Sterling LeBoeuf
Nathalie A. Bleuze
DAVIS GRAHAM & STUBBS LLP

IN WITNESS WHEREOF, the signatories to this Settlement Agreement have executed this Settlement Agreement as follows:

**NAMED PLAINTIFFS:**

_____    Date: _____, 2022
Darrin Dickerson

_____    Date: _____, 2022
Ryan Myers

**PLAINTIFFS' COUNSEL:**

_____    Date: _____, 2022
Daniel S. Brome
Rachhana T. Srey
Reena I. Desai
NICHOLS KASTER, LLP

_____    Date: July 6 _____, 2022
Benjamin L. Davis, III
THE LAW OFFICES OF PETER T. NICHOLL

**MYERS' CO-COUNSEL:**

_____    Date: _____, 2022
Mary Jo Lowrey
LOWREY PARADY LEBSACK, LLC

**DEFENDANT:**

_____    Date: 7/8/2022 _____, 2022
Zayo Group, LLC

By: Mike Mooney
_____

Title: Chief Legal Officer
_____

**ZAYO'S COUNSEL:**

_____    Date: _____, 2022
Sterling LeBoeuf
Nathalie A. Bleuze
DAVIS GRAHAM & STUBBS LLP

    IN WITNESS WHEREOF, the signatories to this Settlement Agreement have executed this Settlement Agreement as follows:

**NAMED**
**PLAINTIFFS:**          _____          Date: _____, 2022
                          Darrin Dickerson

                          _____          Date: _____, 2022
                          Ryan Myers

**PLAINTIFFS'**
**COUNSEL:**             _____          Date: _____, 2022
                          Daniel S. Brome
                          Rachhana T. Srey
                          Reena I. Desai
                          NICHOLS KASTER, LLP

                          _____          Date: _____, 2022
                          Benjamin L. Davis, III
                          THE LAW OFFICES OF PETER T. NICHOLL

**MYERS' CO-**           *Mary Jo Lowrey*                            Date: _July 6___, 2022
**COUNSEL:**             _____
                          Mary Jo Lowrey
                          LOWREY PARADY LEBSACK, LLC

**DEFENDANT:**           _____          Date: _7/8/2022____, 2022
                          DFE5BD0EC6CA47E
                          Zayo Group, LLC

                          By: _Mike Mooney_____

                          Title: _Chief Legal Officer_____

**ZAYO'S**
**COUNSEL:**             _____          Date: _____, 2022
                          Sterling LeBoeuf
                          Nathalie A. Bleuze
                          DAVIS GRAHAM & STUBBS LLP

<u>Exhibit A</u>
**<u>SETTLEMENT RELEASE FORM (Settlement Participants Other than Named Plaintiffs)</u>**

<u>Notice</u>:
You are a plaintiff in the case captioned *Darrin Dickerson v. Zayo Group, LLC,* Civil Action No. 1:20-cv-02490-DDD-NRN.  Pursuant to the Settlement Agreement and Release entered into between Zayo Group, LLC ("Zayo"), Darrin Dickerson, and Ryan Myers, you are eligible to receive a Settlement Award, from which taxes will be withheld as required by law.  In order for the settlement to take effect, all plaintiffs must sign and return Settlement Release Forms and the Court must approve the Settlement proposed by the parties.  **TO BE ELIGIBLE TO RECEIVE ANY MONEY FROM THE SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS RELEASE FORM AND RETURN IT TO PLAINTIFFS' COUNSEL BY [DATE THAT IS SEVEN DAYS AFTER APPROVAL DATE].**

Based on the number of weeks you were employed, and your average weekly compensation, your Settlement Award based on your share of the Net Settlement Amount is $_____.
Taxes will be withheld from this amount as required by law, and you are responsible for any tax consequences from your Settlement Award.

<u>Release</u>:
By my signature below, I acknowledge that I have been provided a copy of the Settlement Agreement and Release.  I consent to and agree to be bound by the terms of the Settlement Agreement and Release.

By signing this Settlement Release Form and accepting the Settlement Award, I agree to release Zayo and its past, present and future parent companies, subsidiaries, predecessors, affiliates, divisions, and successors and each of their respective agents, employees, owners, members, officers, directors, principals, board members, employees, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, transferees, assigns, and insurers ("Releasees") from any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated or other damages, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA or any other state or local wage-related law, up to and including [Date that Joint Motion for Approval of Settlement Agreement is Filed].  I further acknowledge that I am bound by the terms of any order and judgment issued by the court in this lawsuit, including the release of claims.


Printed Name: _____

Date:_____       _____
                             Signature


- 13 -

## SETTLEMENT RELEASE FORM (Named Plaintiffs)

Notice:

You are a plaintiff in the case captioned *Darrin Dickerson v. Zayo Group, LLC,* Civil Action No. 1:20-cv-02490-DDD-NRN [for Myers] and the case captioned *Ryan Myers v. Zayo Group, LLC,* Case No. 22CV30164 filed in District Court for Boulder County, Colorado.  Pursuant to the Settlement Agreement and Release entered into between Zayo Group, LLC ("Zayo"), Darrin Dickerson, and Ryan Myers, you are eligible to receive a Settlement Award, from which taxes will be withheld as required by law.  In order for the settlement to take effect, all plaintiffs must sign and return Settlement Release Forms and the Court must approve the Settlement proposed by the parties.  **TO BE ELIGIBLE TO RECEIVE ANY MONEY FROM THE SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS RELEASE FORM AND RETURN IT TO PLAINTIFFS' COUNSEL BY [DATE THAT IS SEVEN DAYS AFTER APPROVAL DATE].**

Based on the number of weeks you were employed, and your average weekly compensation, your Settlement Award based on your share of the Net Settlement Amount is $_____, and you are entitled to an additional amount of $_____as a service award [for Plaintiff Dickerson] or additional allocation in connection with the settlement of the Myers Action [for Plaintiff Myers], as set forth in the Settlement Agreement.  Taxes will be withheld from these amounts as required by law, and you are responsible for any tax consequences from your Settlement Award.

Release:

By signing this Settlement Release Form and accepting the Settlement Award, I agree to release Zayo and its past, present and future parent companies, subsidiaries, predecessors, affiliates, divisions, and successors and each of their respective agents, employees, owners, members, officers, directors, principals, board members, employees, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, transferees, assigns, and insurers ("Releasees") from any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated or other damages, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA or any other state or local wage-related law, up to and including [Date that Joint Motion for Approval of Settlement Agreement is Filed].  I further acknowledge that I am bound by the terms of any order and judgment issued by the court in this lawsuit, including the release of claims.

In addition, I agree to release the Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; or any allegation for costs, fees,

- 14 -

DocuSign Envelope ID: 11132FD0-2DF7-4EDD-A6D1-E6B798046480

interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Actions, any claim for breach of contract, contract or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring up to and including [Date that Joint Motion for Approval of Settlement Agreement is Filed.]  However, claims for workers' compensation and nonwaivable claims are excluded from the scope of this release.

Printed Name: _____

Date:_____

_____
Signature